Last case on today's docket is the people of the state of Illinois v. Michael Thompson, and oral argument has been waived by the appellant. We have Jennifer Camden for the appellee, and you have 10 minutes, Ms. Camden. Yes, Your Honor, thank you. May it please the court, I don't plan on using it. Owing to the severity of the crimes committed by the defendant, the people simply wanted to appear to answer any questions that the court might have. However, as long as I am here, I would like to point out that the reply brief at page 1 of the defendant claims that the state did not contend with a key passage of People v. Armin, and I'd like to point out that the people's answer brief at pages 11 and 12 do quote that passage and deal with it through page 22. Other than that, I'd be happy to answer any questions. The mug shots that went to the jury, I looked at those, and they don't seem to have any designation as to what they were. Is that exactly what was presented to the jury? I mean, there's pictures and they're all uniform in that there's some background that's the same. Yes, Your Honor, I certainly don't have any reason to believe that the exhibit that appears in the record is not the exhibit that went. Well, they were photocopies, that's why. Right, I certainly do not remember any indication that that was not what went back. I do not remember anything in the record saying that the original photographs would be copied. It's my belief that that's what went back. I'd like to point out that the people's brief on pages 10 and 11 cite cases in which this question was presented of the jury being shown the photo array in the jury room. And in those cases, including one that was post-Armin, the courts upheld those, noting that there were minimal additional prejudicial factors, such as those that Your Honor noted were absent here. For example, the lack of a nameplate stating the name of the defendant and also the lack of any testimony in this case that establishing how it was that the police department received those photographs. But there was a stipulation that the jury would not see the mugshots. I certainly didn't read the record that way, Your Honor. What happened was that in a discussion outside the presence of the jury, the state represented that it did not intend to publish the photo arrays to the jury at the time of their admission. But there was not a representation that those would never be shown to the jury. And in any event, it was the judge, of course, who had the discretion to send back any admitted exhibit to the jury. And it was not the state that requested that they go back. It was the jury itself that did. Of course, yes. Thank you, Your Honor. That's exactly what happened. After two and a half hours of deliberation, the jury asked for the photo arrays, and the jury deliberated for another hour and a half after receiving them. If the court has no further questions, I'll be happy to take questions. I don't think we do. Thank you very much, Ms. Camden. And that actually concludes our session for today.